CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 0 2 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| REGINALD HAYDEN, | ) | |
| Petitioner, | ) | Civil Action No. 7:05CV00532 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

The petitioner, Reginald Hayden, a federal inmate proceeding pro se, has filed a motion that the petitioner styles as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Upon review, I believe that the motion should be construed as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Because the petitioner has already filed a § 2255 motion challenging the same sentence, the petitioner's motion must be dismissed as successive.

In August of 1994, a jury convicted the petitioner of conspiring to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. The petitioner was sentenced to 360 months imprisonment. The petitioner's conviction and sentence were affirmed on appeal by the United States Court of Appeals for the Fourth Circuit. On June 9, 1997, the petitioner challenged his conviction and sentence in a § 2255 motion. The motion was denied on February 27, 1998. On approximately August 22, 2000, the petitioner filed a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. According to the petitioner, the motion for reconsideration was denied as a successive § 2255 motion on September 6, 2000. The petitioner subsequently requested authorization to file a successive § 2255 motion on two occasions. Both requests were denied by the Fourth Circuit.

In his present motion under Rule 60(b), the petitioner seeks to "reinstate the previously dismissed petition for habeas corpus relief pursuant to 28 U.S.C. § 2255, and open the way for

further proceedings to vacate and correct an unconstitutionally imposed sentence," on the basis of "new law." Relying on United States v. Carter, 300 F.3d 415 (4th Cir. 2002)[1], the petitioner contends that his sentence is invalid because it exceeds the maximum statutory penalty authorized by the jury's verdict. The petitioner argues that he should not have received a term of imprisonment exceeding twenty years, since the jury was not required to make a finding regarding the specific drug weight attributable to the petitioner beyond a reasonable doubt.

Because the petitioner's motion directly attacks his sentence and does not allege a defect in the collateral review process, I conclude that the petitioner's motion must be construed as a successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). See also Gonzalez v. Crosby, 125 S. Ct. 2641, 2647 (2005) (agreeing with the decision of "[v]irtually every Court of Appeals" that a Rule 60(b) motion, which relies on a subsequent change in the substantive law, "is in substance a successive habeas petition and should be treated accordingly."). As a successive § 2255 motion, the petitioner's motion falls under the provisions of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Pursuant to this statute, this court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255, ¶8. Since the petitioner has not submitted any evidence of having obtained certification from the Fourth Circuit to file a second or successive § 2255 motion, the petitioner's current motion must be dismissed.

---

[1] In Carter, the Fourth Circuit held that in light of the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), the district court erred in sentencing a defendant beyond the twenty-year maximum found in 21 U.S.C. § 841(b)(1)(C), since the jury was not instructed to find the drug quantity attributable to the defendant beyond a reasonable doubt. Carter, 300 F.3d at 429.

2

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent, if known.

ENTER: This 2nd day of Sept., 2005.

/s/ Jackson L. Kiser
Senior United States District Judge